FILED
SUPERIOR COURT
OF GUAM

2021 FEB 12 PM 1:59

CLERK OF COURT

By:

IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>             Plaintiff,<br><br>          vs.<br><br>JAY DANIEL FAMA NEDEDOG,<br>DOB: 08/10/1996<br><br>            Defendant. | CRIMINAL CASE NO. CF0317-18<br><br>DECISION AND ORDER RE.<br>DEFENDANT'S MOTIONS IN LIMINE;<br>DENIAL OF DEFENDANT'S<br>REQUEST FOR LEAVE OF COURT TO<br>FILE INVITATION TO DISMISS THE<br>CASE ON THE COURT'S OWN<br>MOTION; OVERRULING OBJECTION<br>TO ORDER VACATING TRIAL |

## **INTRODUCTION**

Defendant Jay Daniel Fama Nededog ("Defendant"), by and through his counsel, Assistant Alternate Public Defender Heather Zona ("Defense Counsel" or "Attorney Zona") has filed nearly twenty *Motions In Limine* in this case, in addition to a Motion to Dismiss the Indictment, which the Court denied on February 11, 2020. The People have filed responses to some, but not all of Defendant's *motions in limine*. After considering the numerous motions filed by Attorney Zona between December 7, 2020 and December 24, 2020, the Court now issues this Decision and Order addressing each *motion in limine* as set forth herein.

## I. DEFENDANT'S MOTIONS IN LIMINE

| | Defendant's Motion | People's Response | Decision |
|---|---|---|---|
| 1 | Motion in Limine to Have a Confidential Questionnaire Published to the Jury (filed Dec. 4, 2020) | People's Response of non-objection (filed Jan. 28, 2021) | **Granted,** with some limitations on questions proposed by Defendant. The Court already employs a Questionnaire in CSC cases, but will consider including some questions requested by Defendant. |

| 2 | Motion *in Limine* to Preclude the Prosecution from Introducing All Evidence not Discovered to Defendant as of November 1, 2020 (filed Dec. 7, 2020) | People's Response filed on Jan. 28, 2021. | **Denied.** Defendant has not identified any discovery which has not been turned over to it nor has Defendant filed any motion to compel discovery not provided after demand. The motion is not ripe, unsupported by fact or law and any objection may also be made at trial if and when appropriate. 8 GCA § 65.40. |
|---|---|---|---|
| 3 | Motion in Limine to Exclude Any Business Records Containing Information and Statements from Persons Who Had No Business Duty to the Business Where Such Records Are Offered to Prove the Truth of Such Information and Statements (filed Dec. 9, 2020) | No response filed. | **Denied.** Defendant has not specifically identified any records which are subject to such exclusion in order for the Court to make a ruling on Objection may be made when appropriate at trial. 8 GCA § 65.40. |
| 4 | Motion in Limine to Preclude Prosecutor and All Witnesses from Expressing Opinions as to the Guilt or Innocence of the Defendant (filed Dec. 9, 2020) | No response filed. | **Denied.** Defendant has not identified any specific witness statement sought to be precluded and makes only generalized objections which are inappropriate at this time. Objection may be made when appropriate at trial. 8 GCA § 65.40. |
| 5 | Motion in Limine to Preclude Prosecution From Eliciting Testimony or Presenting Any Evidence as to Accusers' State of Mind Regarding Defendant, and to Exclude Any Such Evidence (filed Dec. 9, 2020) | People's Response filed on Jan. 28, 2021, opposes the motion in that it is "unripe" and suggests that the alleged victim's state of mind may become relevant at trial. Development of the evidence at trial may make the witness' state of mind relevant and admissible. | **Denied.** Defendant fails to identify the specific evidence sought to be excluded and broadly identifies it as "evidence concerning the accuser's state of mind regarding the defendant." The Court denies any request for a broad exclusion and Defendant may object to the admissibility of such evidence at trial, if and when appropriate. 8 GCA § 65.40. |
| 6 | Motion in Limine to Prohibit the Prosecution from Eliciting Testimony or Otherwise Presenting Evidence at Trial Concerning Conduct Which is Not Charged in this Case and to Require the Prosecution to Instruct its Witnesses Not to Testify as to Conduct Not Charged in This Case (filed Dec. 7, 2020) | No response filed. | **Denied.** Objection may be made at trial when and if appropriate. 8 GCA § 65.40. Additionally, Defendant has not specifically identified any conduct not charged which supports the filing of this motion in limine. |
| 7 | Motion in Limine to Limit Post-Verdict Comment to Jurors (filed Dec. 7, 2020) | People's Response filed on Jan. 28, 2020, that it will comply with all ethical and professional requirements. | **Denied.** Defendant has failed to establish factual or legal support for the filing of this motion and less justification for the Court to issue such an order under the circumstances. Defendant has not alleged any breach of the Code of |

| # | Motion | Response | Ruling |
|---|--------|----------|--------|
| | | | Professional Ethics which would warrant such a pre-trial order. Additionally, this Motion is not one permitted to be filed pursuant to 8 GCA § 65.15. |
| 8 | Motion in Limine to Exclude Any Prosecution Expert From Testifying (filed Dec. 7, 2020) | People's response filed on Jan. 28, 2020. | **Denied.** Defendant has not established any facts that would justify precluding experts at this time, nor have any been identified by the Prosecution. Any objection to expert testimony may be offered at trial if appropriate. 8 GCA § 65.40. |
| 9 | Motion in Limine to Exclude Prior Acts Evidence (filed Dec. 7, 2020) | People's Response filed Jan. 28, 2021. People may inquire into this area if Def. "opens the door" at trial. | **Denied**. Objection may be made at trial if evidence is offered in violation of any applicable rules and no exception applies. 8 GCA § 65.40. |
| 10 | Motion in Limine to Prohibit Prosecution And Any Prosecution Witnesses From Referring to Accuser as "Victim" and "Alleged Victim (filed Dec. 9, 2020) | No response filed. | **Denied.** Defendant has not cited to any law supporting this Motion or any facts that support the granting of this Motion. 8 GCA § 65.40. |
| 11 | Motion in Limine to Exclude Witnesses, Prohibit Witnesses From Discussing Testimony, and Ordering the Prosecution to Instruct Witnesses Not to Discuss the Case or Testimony in the Presence of Jurors or Other Witnesses (filed Dec. 15, 2020). | People's Response filed Jan. 28, 2021. People agree to the exclusion of all witnesses for all parties. | **Denied, In Part.** A *motion in limine* is not the appropriate process to seek an order regarding the *conduct* of trial, and is limited to excluding evidentiary matters. Defendant has failed to establish the specific need (either based upon the conduct of the prosecution or other factor) for an order specifically admonishing the prosecution in this manner. Additionally, the Court is uncertain what is requested by Attorney Zona by asking "the Court to take judicial notice of practices relating to its conduct of jury trials and the handling of jurors." **Granted, In Part.** Pursuant to Rule 615 of the Guam Rules of Evidence, and as is the *standard* practice of the Court addressed *sua sponte*, except as provided in Rule 615, witnesses are excluded from the courtroom unless they are testifying and/or prohibited from listening to the testimony of other witnesses remotely. |
| 12 | Motion in Limine to Exclude Prior Consistent Statements Unless Offered in Strict Compliance with Guam Rule of Evidence 801(d)(1)(B)(filed Dec. 16, 2020) | People's Response filed Jan. 28, 2021. | **Denied.** Defendant has not identified any specific prior consistent statements sought to be excluded *in limine*. Objection may be made at trial. 8 GCA § 65.40. |

| | | | |
|---|---|---|---|
| 13 | Motion in Limine to Exclude Pretrial Detention Misconduct (filed Dec. 16, 2020) | People's Response filed Jan. 28, 2021. | **Denied.** Defendant fails to identify any specific pretrial detention conduct sought to be excluded and to which the Court may apply any balancing test as urged. Objection may be made upon the People's Notice of 404(b) evidence or if and when appropriate at trial. 8 GCA § 65.40. |
| 14 | Motion in Limine to Exclude Any Mug Shots (filed Dec. 21, 2020) | No response filed. | **Denied.** Defendant has not established that the prosecution intends to use mug shots in this case, thus a pre-trial order is not warranted at this time. 8 GCA § 65.40. |
| 15 | Motion in Limine to Have Hearings on Motions Regarding the Admissibility and Reliability of Evidence to be Held Outside the Presence of the Jury (filed Dec. 21, 2020) | No response filed. | **Denied**. This Motion in Limine is unnecessary as *motions in limine* are used to prevent the admission of improper evidence at trial, before the start of trial. To the extent that Atty. Zona seeks an Order of this Court essentially ordering itself to hear matters outside of the presence of the jury, the Court is cognizant of its duty to ensure a fair trial for a criminal defendant and, as a matter of practice and compliance with such obligations, ensures that it addresses matters of law outside of the presence of the jury; therefore, such an order is not warranted. |
| 16 | Motion in Limine to Prohibit the Prosecution from Eliciting Testimony from Witnesses that Explicitly or Implicitly Give the Witnesses the Opinion that the Accusers are Being Truthful (filed Dec. 24, 2020) | No response filed. | **Denied.** Defendant has failed to proffer any specific evidence *in this case* that is sought to be excluded by this Motion which the Court is capable of addressing because the motion is general in nature and seeks to prohibit types of evidence which may or may not be presented at the trial of this matter. Objections may be made at the trial of this matter. 8 GCA § 65.40. |
| 17 | Motion in Limine to Exclude Testimony of Minor Complaining Witnesses Unless Such Witnesses Are Subject to a Hearing to Determine Their Competency To Testify and Whether They Retain Sufficient Independent Recollection of the Events at Issue to Ensure The Reliability of the Evidence | People's Opposition filed on Jan. 26, 2021. | **Denied.** Addressed by the Court in separate Decision and Order issued on February 12, 2021. 8 GCA § 65.40. |

Almost none of the *Motions In Limine* filed by Defendant seek to preclude evidence which has been *specifically* identified as appropriate to exclude, and only ask the Court to issue what amounts to blanket orders prohibiting *types* of evidence which may or may not be presented at the trial of this matter. The Court discourages the use of *motions in limine* in this manner because it renders it difficult to analyze in the context of applicable law and craft an order capable of specific application when the evidence is sought to be presented by the party who is prohibited from presenting it. It requires the expenditure of judicial resources to essentially address a hypothetical circumstance, and, when the Court is required to deliberate upon nearly twenty (20) such *motions in limine*, this results in a further delay of the adjudication of the merits of the case. Indeed, on December 28, 2020, Attorney Zona filed a *Notice of Objection* to the Court's Order vacating the January 4, 2021 trial date despite the pendency of Defendant's dispositive Motion to Dismiss the Indictment in this case, which the Court took under advisement and which the Court denied on February 11, 2021. Counsel is also referred to 8 GCA § 65.15 which identifies which motions must be made prior to trial. The Court may also defer determination of any pre-trial (*in limine*) motions to the time of the trial of the general issue, or even after verdict. 8 GCA § 65.40. Additionally, *motions in limine* are interlocutory in nature and subject to reconsideration by the Court throughout the trial. On this basis, Defendant is not prejudiced by the Court's denial of these motions at this time.

## II. COURT DENIES DEFENDANT'S REQUEST FOR LEAVE OF COURT TO FILE INVITATION TO THE COURT TO DISMISS THE CASE ON THE COURT'S OWN MOTION

Defense Counsel requests leave of Court to file an "Invitation" to the Court to dismiss the Indictment in this case *sua sponte*. *Def.'s Request for Leave of Court to File Invitation to The Court to Dismiss the Case on the Court's Own Motion* (Dec. 21, 2020)(*"Def.'s Request"*). As a

threshold matter, the Court is not certain what Defense Counsel is seeking from the Court by this motion, given that "the traditional definition of *sua sponte* is that the court acts of 'its own will or motion[.]" *Cristobal v. Siegel,* 2014 Guam 16. Because the Court did not raise this issue on its own will or motion, it may be presumed that the Court did not find dismissal appropriate under the circumstances. Defense Counsel also confirms that this is submission is not a motion to dismiss, but an "invitation" for the Court to do so. *Def.'s Request* at 1. The Court, therefore, denies the Defendant's Request.

The Court is further perplexed by Defense Counsel's "Request" to file an "Invitation to the Court" because the attached Exhibit A to the Request contains what appears to be an argument for dismissal based upon 8 GCA § 80.65, which is a statute which is clearly for the benefit of child victims or witnesses of sex crimes "in order to minimize stress <u>on such child</u>," and not for use as a shield by the Defendant, who is accused of this crime, to prevent his prosecution. Additionally, as the People point out in its Opposition to this Request, this trial was scheduled to commence on January 4, 2021, after two previous delays, one of which was precipitated by the global COVID-19 pandemic and government shut downs. However, the Court was required to address Defendant's potentially dispositive Motion to Dismiss the Indictment which then tolled the running of the speedy trial clock. *Quinata v. Superior Court of Guam,* 2010 Guam 8 ¶ 35.[1] Defendant's Motion to Dismiss was filed on October 1, 2020, heard on November 16, 2020 and under advisement until the Court's Decision and Order denying the motion was

---

[1] It must be urged, even under normal and usual circumstances and without the additional stressors on resources posed by the current pandemic, that a Court ruling within the time provided under Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam, is presumptively "good cause" delay under 8 GCA § 80.60(b)(3). Given the heavy workload of the trial courts, particularly in light of the numerous challenges posed by the closure of the physical building, the social distancing mandates during the pandemic and other limitations, the Court issued its Decision well within the timeline set forth in the Rule. To require more in order to establish "good cause" for delay flies in the face of what the Guam Supreme Court has already determined to be a reasonable and appropriate time frame in which judges may consider and carefully deliberate upon and write a clear, concise and understandable decision on extremely important issues of law upon which the bar and the parties may rely.

issued on February 11, 2021, in advance of the deadline for the Court to rule pursuant to Supreme Court of Guam Administrative Rule 06-001 and CVR 7.1(e)(6)(A) of the Local Rules of the Superior Court of Guam. The Defendant also filed nearly twenty (20) additional motions which the Court has had to carefully consider, as clearly set forth, above. There has been no undue delay in the proceedings.

It must also be emphasized that the Defendant did not assert his right to speedy trial until August 14, 2020, which speedy trial clock has been tolled until February 28, 2021.[2] This means that the Court is required to bring the matter to trial within 45 days therefrom, or April 14, 2021. This Court has already immediately set the Jury Selection for February 23, 2021 without further delay, with the evidentiary portion of the trial to follow upon the availability of a courtroom.

Thus, on this basis, as well as on several procedural defects relating to this request/motion/non-motion/invitation, it is **DENIED**.

## CONCLUSION

For the reasons set forth herein, the Court DENIES Defendant's motions in limine as set forth above; **GRANTS** the Parties' joint requests to exclude witnesses (except as provided under Rule 615 of the Guam Rules of Evidence) from the courtroom unless testifying and from listening or viewing any remote broadcast of the proceedings in any platform; **GRANTS IN PART** the *Motion in Limine To Have Confidential Questionnaire Published to the Jury;* and **REJECTS** Defense Counsel's Request to invite the Court to dismiss the matter *sua sponte*. A copy of the Court's standard Questionnaire will be provided to the parties. All parties are reminded of their obligations to file with the Court all required materials in advance of the trial

---

[2] Administrative Order No. ADM21-001 ¶20 (Jan. 18, 2021). At the time Defendant asserted his right to speedy trial on August 14, 2020, the clock had been tolled until November 17, 2020. Adm. Order No. ADM20-392 (Aug. 14, 2020). The Defendant filed his Motion to Dismiss in October, it was heard in November, and the Court issued its Decision and Order within the timelines set by the Administrative Rule, on February 11, 2021. *See Order Vacating Trial For Good Cause* (Dec. 23, 2020).

of this matter, as set forth in the Criminal Trial Scheduling Order filed in this case on February 11, 2021. To the extent that the Court has issued decisions on all pending motions before it, the Court **OVERRULES** Defendant's Objection to the resetting of the January 4, 2021 trial date, filed on December 28, 2020. Pre-trial Conference is scheduled for **February 18, 2021 at 9:30 A.M.** THIS IS AN ***IN PERSON*** HEARING. Jury Selection shall commence on **February 23, 2021 at 9:00 AM.**

SO ORDERED this _____ FEB 1 2 2021 _____.

HONORABLE MARIA T. CENZON
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:
AG Prosecution,
APD
Date: 2/12/21 Time: 2:13pm
Deputy Clerk, Superior Court of Guam